This court reviews a district court's grant of summary judgment de novo. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991) (internal quotations and citation omitted); FED. R.CIV.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); FED.R.CIV.P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)(en banc).

Gant has not identified a nonfrivolous issue for appeal with respect to 1) the district court's grant of summary judgment for Principi, Secretary of the Department of Veterans Affairs, on grounds of sovereign immunity; 2) the district court's grant of summary judgment for Dr. Hussain and Dr. O'Griofa on Gant's claims that they violated his constitutional rights by diagnosing him without due process and disseminating his medical records to third parties; 3) the district court's grant of summary judgment for the defendants on Gant's 42 U.S.C. § 1985 claims; 4) the district court's grant of summary judgment for the defendants on Gant's § 1981 claims; 5) the district court's grant of summary judgment for Judge Hill, Mullen, and Geesfneght on Gant's claim that they disclosed the nature of his illness in court documents; and 6) the district court's denial of Gant's request for sanctions.

Gant's request to proceed IFP in this court is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. We have previously sanctioned Gant for the filing of frivolous appeals, ordering him to pay $100 to the clerk of this court and ordering the clerk to return to Gant unfiled any submissions he should make until the sanction is paid in full, and Gant has not paid the sanction. *Gant v. Lockheed Martin Corp.,* 152 Fed.Appx. 396 (5th Cir. 2005) (unpublished). Because this appeal was briefed prior to our warning, we decline to sanction Gant again at this time. However, we reiterate our warning. Gant should review all pending appeals to ensure that they are not frivolous.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

**Irene CANION, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 05–51051
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 9, 2006.

Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Plaintiff–Appellant.

David K. Dalition, Katherine Ann Lehmann, U.S. Attorney's Office Western Dis-

trict of Texas, El Paso, TX, Edward C. Reddington, Arlington, VA, for Defendant–Appellee.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

AFFIRMED.[1]

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Timothy RINEHART, Defendant–Appellant.**

No. 05–41593.

United States Court of Appeals, Fifth Circuit.

May 9, 2006.

Alan Reeve Jackson, Assistant U.S. Attorney, U.S. Attorney's Office Eastern District of Texas, Tyler, TX, for Plaintiff–Appellee.

Amy R. Blalock, Assistant Federal Public Defender, Wayne R. Dickey, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Texas, Tyler, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENNAVIDES and DENNIS, Circuit Judges.

PER CURIAM: *

IT IS ORDERED that the appellees motion to vacate the district court judgment and remand the case is granted for sentencing anew. Defendant shall be given the opportunity to withdraw his plea.

IT IS FURTHER ORDERED that the appellees alternative motion for extension of time to file appellees brief until 20 days from denial of motion to vacate and remand is denied as unnecessary.

**Louis IRBY, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 05–51618
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 9, 2006.

* Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. See 5th Cir. R. 47.6.

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.